83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Naron K. CELESTINE, aka Keith Madden aka Cold, Defendant-Appellee.
 No. 95-30238.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 17, 1996.
 
 Before: WRIGHT, PREGERSON and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court entered an order in limine excluding evidence of cocaine and drug paraphernalia in Celestine's retrial for assaulting United States marshals and maintaining a place for distribution of cocaine. We have jurisdiction over the government's timely appeal pursuant to 18 U.S.C. § 3731. We affirm.
 
 
 3
 We will not repeat the facts here because the parties are familiar with them. The government argues that the district court erred in determining that Fed.R.Evid. 403 required exclusion of the cocaine evidence, contending that the court based this determination on an erroneous application of collateral estoppel. We review the court's Rule 403 determination for abuse of discretion. The court has "wide latitude" in determining admissibility of evidence under Rule 403, and its decision is accorded considerable deference. United States v. Joetzki, 952 F.2d 1090, 1094 (9th Cir.1991) (citations omitted). We generally find, however, that the district court abuses its discretion when it bases a decision on an erroneous view of the law. United States v. Rahm, 993 F.2d 1405, 1410 (9th Cir.1993).
 
 
 4
 The court may have been mistaken in concluding that collateral estoppel applied to this case. Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). The doctrine does not necessarily preclude the use of the cocaine evidence in the second trial, because the second jury does not need to decide that Celestine possessed the cocaine (an issue of ultimate fact at the first trial) to prove that he maintained a place for its distribution. The jury could, for example, convict him on the basis that he knowingly maintained the apartment so that his girlfriend McBeth, who possessed the cocaine, could distribute it.
 
 
 5
 Although the court's determination may have been erroneous, its discussion of Rule 403 shows that it did not rely exclusively on its collateral estoppel analysis in concluding that the potential for unfair prejudice was present. It considered broader factors such as double jeopardy and the general unfairness of multiple prosecutions.
 
 
 6
 It also pointed out correctly that collateral estoppel concerns were present. There was indeed a danger "that the second jury would conclude that Celestine possessed the cocaine for purposes of distribution in direct conflict with the earlier jury's verdict." See Dowling v. United States, 493 U.S. 342, 353 (1990) (courts may exercise their authority to exclude potentially prejudicial evidence to avoid the risk of a jury convicting a defendant on the basis of inferences drawn from the acquitted conduct).
 
 
 7
 In balancing this potential for prejudice with the probative value of the cocaine evidence, the court determined that the government did not need the cocaine evidence to show Celestine's knowledge of cocaine because this factor could be shown by other evidence. We find support for this determination in the transcript of the status hearing, where the government said that it had additional evidence on the maintaining count that was not presented to the first jury.
 
 
 8
 We conclude that the court properly balanced the competing factors and did not abuse its discretion in excluding the evidence on the basis of Rule 403.[1]
 
 
 9
 The government argues that even if the cocaine evidence is not admitted on the maintaining count, it should be admitted on the assault count. The government suggests that the counts be severed. This must await further proceedings in the district court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because collateral estoppel does not strictly bar use of the contested evidence and the district court relied, to some extent, on a contrary conclusion, it is free to reconsider its Rule 403 ruling. We emphasize, however, that this is a matter within the district court's discretion